FREDERICK H. JASS v. OTTILIE JASS.

96 N. W. (2d) 30.

April 10, 1959—No. 37,579.

---

[7]McCourtie v. United States Steel Corp. 253 Minn. 501, 522, 93 N. W. (2d) 552, 566.

184

*T. F. Quinn,* for appellant.
*Stacker & Stacker* and *Thomas J. Burke,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Appeal from an order denying defendant's motion to have plaintiff adjudged in contempt of a decree of divorce for his failure to pay certain medical expenses incurred by defendant and for an order determining the amount due defendant therefor and directing judgment against plaintiff for such amount. The divorce decree dated March 6, 1950, included the following provision:

"* * * plaintiff shall pay to the defendant any reasonable extraordinary medical expenses which may be necessarily incurred by her."

On June 16, 1954, this was modified by the court by a provision that:

"* * * defendant, before she incur any future extraordinary medical or hospital expenses in her behalf, notify the Probation Officer of Ramsey County and obtain his approval for such expenditures."

Although no copy of this modification was served upon defendant, she received verbal notice thereof and was advised as to its effect by her attorney and by the probation officer of Ramsey County. Subsequently, on two occasions she incurred additional medical expenses without first obtaining the consent of the probation officer of Ramsey County, which expenses were paid for by plaintiff.

In June 1957 defendant underwent surgery at St. Mary's Hospital in Minneapolis and incurred extraordinary medical expenses in the amount of $1,138.90. Prior thereto, she did not obtain the consent of the probation officer of Ramsey County, although she requested her physician's secretary and the hospital authorities to make contact with him. The

probation officer submitted an affidavit that his office had no notice of the contemplated surgery and had not approved of any expenditures in connection therewith.

Plaintiff refused to pay for such expenses, and on November 29, 1957, defendant instituted the present proceedings. In resistance thereto, plaintiff submitted an affidavit that, since the date of the original divorce decree, defendant had incurred unnecessary medical and hospital bills and repeatedly brought plaintiff into court to compel him to pay the same; and that in his opinion the expenses now sought to be recovered were unnecessary and incurred by defendant for purposes of revenge.

Defendant denied this and submitted affidavits of her physicians to the effect that the medical expenses described were necessary. Her surgeon, Dr. Leonard A. Lang, set forth in his affidavit that he had examined defendant with respect to the disability for which he had performed surgery and that after considerable study he and Dr. William H. Card, her physician, had thought it advisable that a plastic be done directed to lengthening the anterior wall of the birth canal and in this way elevating the bladder; and that at the same time another plastic operation was performed directed toward placing a thorough pelvic floor to hold up the bladder.

Dr. William H. Card, defendant's physician, set forth in his affidavit that defendant had been under his care since April 23, 1956, for a very distressing bladder condition known as chronic interstitial cystitis and that the various urologic procedures and remedies tried were only mildly successful; that she was unable to completely empty her bladder by an amount of approximately one ounce; that inasmuch as the large rectocele was symptomatic enough to warrant a repair, it was suggested that an anterior supporting procedure be carried out at the same time as the posterior supporting procedure in an attempt to add this extra ounce to her waning bladder capacity; and that this was discussed at length with Dr. Lang and was successfully carried out by him.

In her affidavit defendant set forth that when she had been at St. John's Hospital and at Swedish Hospital for medical attention she had advised her doctors and the hospital authorities to contact the Ramsey County Probation Office and that no questions were raised in, this regard by plaintiff; that on the last occasion when her physicians

advised the surgical attention at St. Mary's Hospital she notified her attending doctor's secretary and the hospital authorities to contact the Ramsey County Probation Office and assumed that such contact had been made.

On appeal defendant contends that the trial court abused its discretion in failing to find plaintiff guilty of contempt of court; and in failing to permit defendant to submit evidence to establish that the surgery described was reasonable and necessary so that plaintiff be required to pay for the expense thereof in accordance with the divorce decree.

■ In so far as the trial court's order denied defendant's motion to have plaintiff adjudged in contempt of court, it must be affirmed. Before a party may be adjudged in contempt of a court order, either in divorce proceedings or otherwise, it is essential that there be evidence of his violation thereof. See, 4 Dunnell, Dig. (3 ed.) § 1705. Here, plaintiff at no time was ordered to make payment of the medical expenses involved. While the original decree specified that he should pay defendant any reasonable, extraordinary medical expenses necessarily incurred by her, it is clear that before she could demand payment therefor, as a matter of right, she would first have the burden of establishing that such expenses were necessary and reasonable. To protect plaintiff in this respect, the subsequent order of June 16, 1954, provided that before incurring such expenses defendant should first notify the probation officer of Ramsey County of the need thereof and obtain his approval therefor. The purpose of this order was to afford plaintiff a reasonable opportunity of ascertaining the necessity of such services and preventing excessive or unnecessary expenses in connection therewith. It would follow that plaintiff could not be adjudged in contempt of court for his failure to pay such medical expenses until it was first established that they were necessary and reasonable and the court had ordered his payment thereof.

■ However, as we construe the decree and its modification on June 16, 1954, we cannot conclude that the court intended that plaintiff was under no obligation to pay defendant's reasonable, necessary medical expenses unless she first obtain the consent of the probation officer of Ramsey County. Obviously, the objective of the court was to prevent the incurrence of unreasonable or unnecessary medical expenditures.

The final decision as to whether such services were reasonable and necessary would scarcely be left to the decision of the probation officer who was not a licensed physician or surgeon. While the court required that he be notified of intended surgery, it would still seem illogical to hold that, in the absence of his consent, defendant might not under any circumstances still establish that surgery was needed and of vital importance. This she might do by presenting evidence to such effect under the original decree. See, M. S. A. 518.64.

This opportunity was denied her in the present proceeding. It is our opinion that the court should have proceeded to a hearing in the matter and allowed defendant to present such evidence as was at her disposal to establish that the medical expenses incurred were reasonable and necessary and then should have determined if all or some portion thereof should be paid by plaintiff.

Reversed and remanded for further proceeding in accordance herewith.